IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**AMANZE ANTIONE,**

       **Petitioner,**

v.                                     **Criminal Action No. 1:18CR17**
                                            **Civil Action No. 1:22CV145**
                                                    **(Judge Kleeh)**

**UNITED STATES OF AMERICA,**

       **Respondent.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTION,
DENYING § 2255 PETITION, AND DISMISSING CASE**

Pending is the Report and Recommendation by the Honorable Michael J. Aloi, Magistrate Judge, recommending that the Court deny the petition of Amanze Antoine ("Antoine") to vacate, set aside, or correct his conviction pursuant to 28 U.S.C. § 2255. Also pending is Antoine's objection to the Report and Recommendation. Following a careful review and for the reasons that follow, the Court **ADOPTS** the R&R [1:18CR17, ECF No. 393; 1:22CV145, ECF No. 6], **OVERRULES** Antoine's objection [1:18CR17, ECF No. 394], **DENIES** his § 2255 petition [1:18CR17, ECF Nos. 381, 382; 1:22CV145, ECF No. 1], and **DISMISSES WITH PREJUDICE** Civil Action Number 1:22CV145.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTION,
DENYING § 2255 PETITION, AND DISMISSING CASE**

### I.  BACKGROUND

On June 19, 2018, the Grand Jury returned a Superseding Indictment charging Antoine with: conspiracy to violate federal firearms laws, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2) (Count One), conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two), illegal transportation in state of residency of firearm acquired outside of state of residency, in violation of 18 U.S.C. §§ 922(a)(3) and 924(a)(1)(D) (Count Three), and unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Four) [ECF No. 99].[1]  Following a three-day trial, on December 11, 2018, a jury found Antoine guilty of Counts One, Two, and Four and not guilty of Count Three [ECF No. 223].  Thereafter, the Court sentenced him to concurrent 120-month terms of imprisonment on each of Counts One, Two, and Four [ECF No. 264].

Antoine raised two arguments on appeal [ECF No. 353].  First, he argued that his § 922(g) conviction (Count Four) should be vacated in light of Rehaif v. United States, 139 S. Ct. 2191 (2019)[2] because (1) the Court did not instruct the jury that the

---

[1] Unless otherwise indicated, all docket numbers refer to Criminal Action No. 1:18CR17.
[2] The Supreme Court of the United States issued its opinion in Rehaif shortly after the Court imposed its sentence in this case.

2

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTION,
DENYING § 2255 PETITION, AND DISMISSING CASE**

Government must prove that he knew he was a convicted felon or that he knew he was prohibited from possessing a firearm, and (2) the Government did not present evidence that he knew that he was prohibited from possessing a firearm. The Fourth Circuit Court of Appeals found the Court had plainly erred in instructing the jury [ECF No. 363]. But it concluded that Antoine could not establish that the error affected his substantial rights because, at the time of the offense, Antoine was under active supervision following a prison term on a felony weapons conviction and the evidence adduced at trial supported the conclusion that Antoine knew of his prohibited status at the time he possessed the firearms. Id. at 3. Second, Antoine argued that the Court erred in its voir dire questioning of a prospective juror. Upon review, the Fourth Circuit concluded that Antoine could not demonstrate that the juror was biased or that her service affected his substantial rights. Id. at 4-5.

On November 18, 2022, Antoine, by counsel, filed the pending § 2255 petition, asserting that the Court should vacate his conviction on Counts One and Four in light of New York State Rifle & Pistol Association, Inc. v. Bruen, 142 S. Ct. 2111 (2022) and

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTION,
DENYING § 2255 PETITION, AND DISMISSING CASE**

resentence him on Count Two [ECF Nos. 181, 182].³ He contends that his statutes of conviction, § 922(a) and § 922(g), are unconstitutional because they impede his right to keep and bear arms in violation of the Second Amendment. Id. In response, the Government asserts that § 922(a) and § 922(g) are presumptively lawful and consistent with the Nation's "long-standing tradition of disarming unvirtuous or dangerous citizens" [ECF No. 387 at 14].

Pursuant to the local rules, the Court referred the petition to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review. On July 5, 2023, Magistrate Judge Aloi filed a Report and Recommendation ("R&R") recommending that the petition be denied [ECF No. 393]. It determined that Bruen did not disturb the constitutionality of the prohibition on felons possessing firearms because Second Amendment protections apply only to "ordinary, law-abiding citizens." Id. at 6 (citing United States v. Medrano, 3:21-CR-39, 2023 WL 122650 (N.D.W. Va. Jan. 6, 2023) (Groh, J.). Because Post-Bruen the Government retains the right to restrict the Second Amendment rights of people it deems

---

³ Antoine's § 2255 petition was initially filed on November 18, 2022 [ECF No. 181] and refiled on November 22, 2022 due to a docketing error [ECF No. 182].

4

Case 1:22-cv-00145-TSK   Document 7   Filed 08/29/23   Page 5 of 13   PageID #: 120

ANTOINE V. USA                                                1:18CR17/1:22CV145

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTION,
DENYING § 2255 PETITION, AND DISMISSING CASE**

dangerous, such as Antoine, the R&R concluded that his § 2255 petition lacked merit.

Antoine filed an objection to the R&R on July 10, 2023, on the basis that the R&R failed "to appreciate the robust Second Amendment analysis that the United States Supreme Court now demands" in light of Bruen [ECF No. 394 at 1]. Antoine specifically objects to the R&R's conclusion that he is not entitled to Second Amendment rights because he is not a "law abiding" citizen.

## II.  STANDARD OF REVIEW

When reviewing a magistrate judge's R&R made pursuant to 28 U.S.C. § 636, the Court must review de novo only the portion of the R&R to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation as to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTION,
DENYING § 2255 PETITION, AND DISMISSING CASE**

### III.  APPLICABLE LAW

28 U.S.C. § 2255(a) permits a federal prisoner who is in custody to assert the right to be released if (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence.  See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### IV.  DISCUSSION

**A.   18 U.S.C. § 922(g)(1) – Count Four**

Antoine first asserts that his § 922(g) conviction is unconstitutional.  In District of Columbia v. Heller, 544 U.S. 570 (2008), the Supreme Court of the United States recognized that the Second Amendment codified a pre-existing "right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense."   Bruen, 142 S. Ct. at 2122 (citing Heller, 544 U.S. 570).  It then set forth a two-step framework for assessing Second Amendment claims that combined a historical analysis with means-end scrutiny.  See United States v. Pruess, 703 F.3d 242, 245 (4th Cir. 2012) (citing Heller, 544 U.S. at 680).

6

Case 1:22-cv-00145-TSK   Document 7   Filed 08/29/23   Page 7 of 13 PageID #: 122

ANTOINE V. USA                                                                              1:18CR17/1:22CV145

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTION,
DENYING § 2255 PETITION, AND DISMISSING CASE**

Later, in Bruen, the Supreme Court further recognized "that ordinary, law-abiding citizens have a similar right to carry handguns publicly for their self-defense." 142 S. Ct. at 2122. It also instructed that, for a firearm regulation to satisfy the requirements of the Second Amendment, "the government must demonstrate that the regulation is consistent with the Nation's historic tradition of firearm regulation. Only if a firearm regulation is consistent with the Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" Id. at 2126. As Heller also focused on the Nation's traditional understanding of the Second Amendment, this was not a novel pronouncement. See id. at 2131 ("The test that we set forth in Heller and apply today requires courts to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding.").

The regulation at issue in Count Four, § 922(g)(1), makes it "unlawful for any person ... who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." Despite Antoine's argument, Bruen did not call into question the constitutionally of this regulation. Rather, the

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTION,
DENYING § 2255 PETITION, AND DISMISSING CASE**

Supreme Court has repeatedly emphasized that felon in possession prohibitions do not violate the Second Amendment.  In Heller, the Supreme Court cautioned that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons. . ." and noted that such regulations are "presumptively lawful." Id. at 626.  The Supreme Court reiterated this point in both McDonald v. City of Chicago, 561 U.S. 742, 786 (2010) and Bruen, 142 S. Ct. at 2119.  In Bruen, the Supreme Court emphasized that the petitioners were "two ordinary, law-abiding, adult citizens," making them "part of 'the people' whom the Second Amendment protects." 142 S. Ct. at 2119.

Based on this precedent, the Court easily concludes that § 922(g)(1)'s felon in possession prohibition is consistent with this Nation's history and tradition.  "Like most rights, the right secured by the Second Amendment is not unlimited.  From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose...." Heller, 554 U.S. at 626.  "Placed in the wrong hands, firearms present a grave threat to public safety, and for this reason, the Anglo-American right to bear arms has always recognized and accommodated limitations for persons perceived to be

8

Case 1:22-cv-00145-TSK Document 7 Filed 08/29/23 Page 9 of 13 PageID #: 124

ANTOINE V. USA                                              1:18CR17/1:22CV145

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTION,
DENYING § 2255 PETITION, AND DISMISSING CASE**

dangerous." United States v. Carter, 669 F.3d 411, 415 (4th Cir. 2012) (declining to find 18 U.S.C. § 922(g)(3) unconstitutional on its face). Accordingly, Second Amendment protections "end[] at the feet of those individuals who are not law-abiding citizens." United States v. Coleman, No. 3:22-CR-8-2, 2023 WL 122401, at *2 (N.D.W. Va. Jan. 6, 2023).

While the Fourth Circuit has not yet had an opportunity to address the constitutionality of § 922(g)(1) post-Bruen, it previously recognized that the Second Amendment has always been a right afforded only to law-abiding citizens. See Carter, 669 F.3d at 415 ("The weight of the right to keep and bear arms depends not only on the purpose for which it is exercised but also on relevant characteristics of the person invoking the right.").

Courts in this district have unanimously held that § 922(g)(1) does not violate the Second Amendment. See e.g., Coleman, 2023 WL 122401, at *1 ("The bottom line is the Defendant's status as a felon removes him from 'the people' enumerated in the Second Amendment."); United States v. Doty, No. 5:21-CR-21, 2022 WL 17492260 (N.D. W. Va. Sept. 9, 2022). District courts across this Circuit have reached the same conclusion. See e.g., United States v. Manns, No. 5:22-CR-00066, 2023 WL 3121230, at *3 (S.D.W. Va. Apr. 27, 2023); United States v. Dawson, No. 3:21-CR-00293-RJC-

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTION,
DENYING § 2255 PETITION, AND DISMISSING CASE**

DCK, 2022 WL 17839807 (W.D.N.C. Dec. 21, 2022) (Where the defendant is a convicted felon, his reliance on Bruen is misplaced.); United States v. Spencer, No. 2:22-CR-106, 2022 WL 17585782 (E.D. Va. Dec. 12, 2022); United States v. Wagoner, No. 4:20-CR-00018, 2022 WL 17418000 (W.D. Va. Dec. 5, 2022); United States v. Burton, No. CR 3:22-362-MGL-1, 2022 WL 16541139 (D.S.C. Oct. 28, 2022).

Here, Antoine is a convicted felon with an extensive and violent criminal history that often involved firearms.[4]  His criminal use of firearms dates back to his 1998-conviction for first-degree robbery.  In that case, Antoine held his victim at gunpoint in order to obtain money and property.  Later, Antoine was convicted of criminal possession of a weapon, a crime punishable by imprisonment for a term exceeding one year.  Antoine was on probation for this offense when he came to West Virginia to distribute controlled substances and recruit individuals to purchase firearms that he could resell in New York.  A glance at this history reveals that Antoine is not an ordinary, law-abiding citizen and is not part of "the people" whom the Second Amendment protects.  As such, he not entitled to possess a firearm and § 922(g) is not unconstitutional as applied to him.  The Court

---

[4] At sentencing, the Court determined that Antoine had a criminal history category of V.

Case 1:22-cv-00145-TSK Document 7 Filed 08/29/23 Page 11 of 13 PageID #: 126

**ANTOINE V. USA** 1:18CR17/1:22CV145

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTION,
DENYING § 2255 PETITION, AND DISMISSING CASE**

overrules Antoine's objection to the R&R and dismisses his challenge to his § 922(g) conviction.

**B.  18 U.S.C. § 922(a)(6) — Count One**

Antoine likewise asserts that his § 922(a)(6) conviction is unconstitutional. Section 922(a)(6) makes it unlawful to knowingly make a materially false statement in the course of purchasing a firearm.

The Supreme Court has repeatedly emphasized that "laws imposing conditions and qualifications on the commercial sale of arms," do not violate the Second Amendment. McDonald, 561 U.S. at 786. Holding only that ordinary, law-abiding citizens have a right to carry handguns publicly for their self-defense, Bruen did nothing to impact the constitutionality of § 922(a)(6). 142 S. Ct. at 2122. As Justice Kavanaugh explained:

> That is all we decide. Our holding decides nothing about who may lawfully possess a firearm <u>or the requirements that must be met to buy a gun</u>. Nor does it decide anything about the kinds of weapons that people may possess. Nor have we disturbed anything that we said in Heller or McDonald v. Chicago, 561 U.S. 742, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010), about restrictions that may be imposed on the possession or carrying of guns.

Id. at 2157 (Kavanaugh J., concurring) (emphasis added).

Case 1:22-cv-00145-TSK Document 7 Filed 08/29/23 Page 12 of 13 PageID #: 127

ANTOINE V. USA                                                1:18CR17/1:22CV145

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTION,
DENYING § 2255 PETITION, AND DISMISSING CASE**

For the reasons described, the Court finds § 922(a)(6) to be consistent with this Nation's history and tradition and not unconstitutional as applied to Antoine. The Court overrules his objection to the R&R and dismisses his challenge to his § 922(a) conviction.

### V.   NO CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Antoine has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record,

Case 1:22-cv-00145-TSK Document 7 Filed 08/29/23 Page 13 of 13 PageID #: 128

ANTOINE V. USA                                                  1:18CR17/1:22CV145
MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION, OVERRULING OBJECTION,
DENYING § 2255 PETITION, AND DISMISSING CASE

the Court concludes that Antoine has failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of appealability.

## VI. CONCLUSION

For the reasons discussed, the Court **ADOPTS** the R&R [1:18CR17, ECF No. 393; 1:22CV145, ECF No. 6], **OVERRULES** Antoine's objections [1:18CR17, ECF No. 394], **DENIES** his § 2255 petition [1:18CR17, ECF Nos. 381, 382; 1:22CV145, ECF No. 1], and **DISMISSES WITH PREJUDICE** Civil Action Number 1:22CV145

It is so **ORDERED.**

The Clerk shall enter a separate judgment order in favor of the United States; transmit a copy of this order to Antoine by certified mail return receipt requested and to counsel of record by electronic means; and strike Civil Action Number 1:22CV145 from the Court's active docket.

DATED: August 29, 2023

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA